Larry L. WECKER, Plaintiff-Appellant,

v.

Warren L. KILMER, M.D., Defendant-Appellee.

No. 71–1856.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 19, 1972.

Certified Nov. 30, 1972.

Lowell E. Enslen, Rudolph Tanasijevich, Hammond, Ind., for plaintiff-appellant.

Fred Eichhorn, Jr., David C. Jensen, Hammond, Ind., for defendant-appellee.

Before STEVENS and SPRECHER, Circuit Judges, and GORDON, District Judge.[*]

STEVENS, Circuit Judge.

On August 18, 1967, plaintiff, while riding in a vehicle driven by his mother, was injured in a collision on U. S. Highway 30 approximately one and one-half miles west of Wanatah in La Porte County, Indiana. The other vehicle involved in the collision was driven by either John D. Lloyd or Karen Lee Lloyd, of Canton, New York. On the day of the accident plaintiff received medical attention from the defendant, Warren L. Kilmer, a physician. In this litigation plaintiff alleges that defendant was negligent in his care and treatment. The question presented by the appeal to this court is whether a general release executed by the plaintiff on February 20, 1968, in favor of the Lloyds bars his malpractice claim against the defendant physician. The release reads as follows:

"FOR AND IN CONSIDERATION OF the payment to me/us of the sum of ($25,621.00) Twenty Five Thousand Six Hundred Twenty One and 00/100 Dollars, and other good and valuable consideration, we being of lawful age, have released and discharged, and by these presents do for myself/ourselves, my/our heirs, executors, administrators and assigns, release, acquit and forever discharge John D. Lloyd & the Estate of Karen Lee Lloyd, Deceased, Canton St. Lawrence County, New York, and any and all other persons, firms and corporations, whether here-

---

[*] Honorable Myron L. Gordon of the United States District Court for the Eastern District of Wisconsin is sitting by designation.

in named or referred to or not, of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, and all consequential damage on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting or to result from accident that occurred on or about the 18th day of August, 1967, at or near U. S. Highway #30, 1½ miles West of Wanatah, La Porte County, Indiana.

"I/we hereby declare and represent that the injuries sustained may be permanent and progressive and that recovery therefrom is uncertain and indefinite, and in making this release and agreement it is understood and agreed that I/we rely wholly upon my/our own judgment, belief and knowledge of the nature, extent and duration of said injuries, and that I/we have not been influenced to any extent whatever in making this release by any representations or statements regarding said injuries, or regarding any other matters, made by the persons, firms or corporations who are hereby released, or by any person or persons representing him or them, or by any physician or surgeon by him or them employed.

"I/we understand that this settlement is the compromise of a doubtful and disputed claim, and that the payment is not to be construed as an admission of liability on the part of the persons, firms and corporations hereby released by whom liability is expressly denied.

"It is agreed that distribution of the above sum shall be made as follows: ...........................
.................................

"This release contains the ENTIRE AGREEMENT between the parties hereto, and the terms of this release are contractual and not a mere recital.

"I/we further state that I/we have carefully read the foregoing release and know the contents thereof, and I/we sign the same as my/our own free act.

"WITNESS my hand and seal this 20th day of February, 1968.

"CAUTION! READ BEFORE SIGNING
/s/ Larry L. Wecker ... (SEAL)
...................... (SEAL)"

It is undisputed that the entire consideration for the release was paid by representatives of the Lloyds, and that all of the alleged acts of malpractice of the defendant physician were performed prior to the execution and delivery of the release.

■■ It appears to this court that the question whether the defendant is entitled to the benefit of the release of February 20, 1968, is controlled by the law of the State of Indiana; that the answer to that question will determine this appeal; that there are no clear controlling precedents in the decisions of the Supreme Court of Indiana; and that, accordingly, this is an appropriate question to be certified to that Court pursuant to Appellate Rule 15(N) effective November 15, 1972.

The Supreme Court of Indiana is therefore respectfully requested to provide this court with instructions concerning the following question:

As a matter of Indiana law does the release dated February 20, 1968, quoted above, bar the claim asserted by plaintiff against the defendant in this litigation?

Copies of the following documents are herewith transmitted to the Supreme Court of Indiana:

1. Appellant's brief and appendix filed December 21, 1971;

2. Appellee's brief filed January 26, 1972;

3. Reply brief for appellant filed February 3, 1972; and

4. Letter of October 20, 1972, addressed to this court by Frederick F. Eichhorn, Jr., counsel for defendant-appellee.

No further proceedings shall be had in this court until the Supreme Court of Indiana has made such answer to this certificate as it deems appropriate.

Question certified.